FILED

2012 FEB 21 PM 4: 04

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

MARCO LONG,

       Plaintiff,

vs.

CASE NO.: 3:12-CV-184-J-25JBT

COMMUNITY REHABILITATION
CENTER INSTITUTE, INC., a Florida
Corporation,

       Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

1.     Plaintiff, MARCO LONG, was an employee of Defendant, COMMUNITY REHABILITATION CENTER INSTITUTE, INC., (hereinafter referred as "Defendant"), and brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

2.     Plaintiff was an hourly paid employee working as a "jobs coordinator" for the Defendant from February 20, 2011 through October 10, 2011 and performed related activities for Defendant in Duval County, Florida.

3.     Defendant is a Florida corporation that operates and conducts business in, among others, Duval County, Florida; and is therefore, within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6. At all material times relevant to this action (2010-2012), Defendant, COMMUNITY REHABILITATION CENTER INSTITUTE, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

7. At all material times relevant to this action (2010-2012), Defendant, COMMUNITY REHABILITATION CENTER INSTITUTE, INC., made gross earnings of at least $500,000 annually.

8. At all material times relevant to this action (2010-2012), Defendant, COMMUNITY REHABILITATION CENTER INSTITUTE, INC., accepted payments from customers based on credit cards issued by out of state banks.

9. At all material times relevant to this action (2010-2012), Defendant, COMMUNITY REHABILITATION CENTER INSTITUTE, INC., routinely ordered materials or supplies from out of state. (i.e. comprehensive treatment and other medical products, office supplies, etc.).

10. At all material times relevant to this action (2010-2012), Defendant, COMMUNITY REHABILITATION CENTER INSTITUTE, INC., had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. Defendant provides services for mental health, substance abuse and HIV and AIDS services, and psychosocial programs.

2

11. At all material times relevant to this action (2010-2012), Defendant, COMMUNITY REHABILITATION CENTER INSTITUTE, INC., used U.S. mail to send and receive letters to and from other states.

12. At all times relevant to this action, Defendant, COMMUNITY REHABILITATION CENTER INSTITUTE, INC., failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

13. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

14. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14 above.

16. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

17. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for the same.

18. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

19. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

20. Also, Defendant failed to post required FLSA informational listings as required by law.

21. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

22. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – DECLARATORY RELIEF

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

25. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

26. Plaintiff may obtain declaratory relief.

27. Defendant employed Plaintiff.

28. Defendant is an enterprise covered by the FLSA.

29. Plaintiff was individually covered by the FLSA.

30. Defendant failed to pay Plaintiff for all hours worked.

31. Plaintiff is entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

32. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

33. Defendant did not rely upon a good faith defense.

34. Plaintiff is entitled to an equal amount of liquidated damages.

35. It is in the public interest to have these declarations of rights recorded.

36. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

37. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

38. Plaintiff demands trial by jury.

Wherefore, Plaintiff demands a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked hours over forty in a workweek without receiving correct overtime pursuant to the FLSA, Defendant failed to keep accurate time records, Defendant had a legal duty to pay Plaintiff overtime pursuant to the FLSA,

Defendant failed to prove a good faith defense, Plaintiff is entitled to overtime, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

Dated this 21st day of January, 2012.

/s/ Carlos V. Leach
Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: CLeach@forthepeople.com
Attorneys for Plaintiff

CVL/rwm
1453275